UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

DEBORAH A. KENSETH,

    Plaintiff,

v().    Case No. 08-C-1-C

DEAN HEALTH PLAN, INC.

    Defendant.

---

## AMENDED COMPLAINT

---

THE PLAINTIFF, Deborah A. Kenseth, by her attorneys, Lawton & Cates, S.C., by attorneys Lisa C. Goldman and Bruce M. Davey, and for her causes of action against the named defendant, alleges and shows the court as follows:

### PARTIES

1. Plaintiff, Deborah A. Kenseth, is an adult resident of Jefferson County, Wisconsin, who currently resides at 512 Lexington Blvd., Ft. Atkinson, Wisconsin 53538.

2. Defendant Dean Health Plan, Inc. is a Wisconsin Insurance Corporation whose principal place of business is located at 1277 Deming Way, Madison, Wisconsin 53717, and whose registered agent for service of process is Christine C. Duval-Senty, Dean Health Plan Inc., 1277 Deming Way, Madison, Wisconsin 53717.

### FACTS

3. Deborah A. Kenseth was employed by Highsmith, Inc.

4. As an employee of Highsmith, Inc., Deborah A. Kenseth became covered under a

policy of health insurance issued by Dean Health Plan, Inc., in August of 1996.

5. In May of 1987, Deborah A. Kenseth had Vertical Gastirol Banding surgery.

6. In 2001, Deborah A. Kenseth developed an acid reflux condition.

7. In April of 2002, Deborah A. Kenseth developed pneumonia and was throwing up on average 3 to 4 times a day.

8. In February of 2003, she was diagnosed with Migraines.

9. In May of 2003, she developed pneumonia again.

10. She was then diagnosed with Eosinophilic Pneumonia.

11. In February 2004, she was diagnosed with Bronchitis.

12. In June of 2004, she was diagnosed as malnourished and began B12 injections and Lexapro.

13. In the fall of 2004, she received a balloon dilation of the gastric pouch outlet by Dr. Christianson.

14. In June of 2005, she received another balloon dilation from Dr. Erickson.

15. On information and belief the cost of the treatment described in paragraphs 6 – 14 was paid by Dean Health Plan, Inc., even though her medical records showed that Dr. Christiansen's impression was, "gastric outlet obstruction from the vertical banded gastroplasty."

16. In June of 2005, Dr. Erickson also recommended that she have the band removed or undergo a bypass surgery.

17. In October 2005, Ms. Kenseth saw Dr. Christiansen for a second opinion. Christiansen did another endoscopy and recommended Ms. Kenseth see Dr. Paul

Huepenbecker, a plan provider in Madison.

18. Dr. Huepenbecker, recommended a "roux revision of the proximal gastric stenosis."

19. It was recommended by two doctors, Huepenbecker and Erickson, that Deborah A. Kenseth have her band removed, to alleviate her medical symptoms.

20. On or about November 15th or 16th, 2005, Deborah A. Kenseth spoke with a customer service representative named Maureen at Dean Health Insurance, Inc. to get pre-approval of "roux revision of proximal gastric stenosis."

21. Maureen informed Ms. Kenseth that the surgery would be covered and she would have to pay a $300.00 deductible.

22. Two days after Deborah A. Kenseth's surgery, which had been pre-approved and which was performed on December 6, 2005, she was informed that the procedure would not be covered.

23. On December 7, 2005, after being informed that Dean Health Plan, Inc., refused to pay the costs of plaintiff's surgery and hospitalization plaintiff was released from St. Mary's Hospital.

24. On or about January 14, 2006, plaintiff was admitted to St. Mary's Hospital for treatment of a subcutaneous abscess cavity which communicates with the perihepatic abscess which extended to the subcutaneous tissue in the mid line. She also suffered a small pleural effusion and persistent subdiaphragmatic collection.

25. Plaintiff was hospitalized at St. Mary's Hospital from 1/14/06 – 1/30/06 for

    treatment of the conditions described in paragraph 24.

26. Following her release from St. Mary's on or about 1/30/06 she has continued to receive treatment related to the conditions described in paragraph 24.

27. Deborah A. Kenseth is entitled to benefits under the terms of the policy from August 1996 and thereafter for the duration of her policy for the treatment of the conditions described above.

28. Deborah A. Kenseth has not been paid the appropriate benefits under the terms of the policy, including her December 6, 2005, surgery and subsequent treatment and care.

## CLAIMS

### I.  ERISA BREACH OF FIDUCIARY DUTY

For her first claim for relief, plaintiff alleges as follows:

29. Re-alleges the allegations in paragraphs 1 through 28 above.

30. Plaintiff performed all conditions precedent pursuant to the terms of the policy described above.

31. Plaintiff Deborah A. Kenseth is entitled to benefits under the policy, which have not been paid including the surgery of December 6, 2005, and for her subsequent treatment of infections of her abdomen, pelvis, and lungs, and for other expenses for treatment related to her gastric stenosis.

32. Dean has breached its health insurance contract and fiduciary duty under ERISA by failing to make payment for plaintiff's treatment.

33. As a proximate result of the breach of contract, plaintiff has suffered pecuniary

loss, as well as other consequential damages and is entitled to be paid benefits pursuant to the plan.

## II.  ERISA ESTOPPEL

As her second claim plaintiff alleges as follows:

34. Re-alleges the allegations in paragraphs 1 through 33 above.

35. On information and belief, the insurance benefits at issue in this action are provided pursuant to an unfunded single-employer welfare benefit plan or program under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. § 1001 et. seq.

36. The Dean Health Plan, Inc. Group Member Certificate and Benefit Summary provided to the plaintiff stated:  "Benefits listed in this Certificate are only available as long as this policy is in force.  If you are unsure on whether a service is covered, please call our Customer Service Department prior to having the service performed."

37. In reliance upon the representation described in paragraph 36 above, on or about November 15 or 16, 2005, plaintiff called defendant's customer service department and requested pre-approval for surgery for "roux revision of proximal gastric stenosis."

38. The customer service representative with whom the plaintiff spoke on November 15 or 16, 2005, informed the plaintiff that the surgery would be covered.  The customer service representative did not inform the plaintiff that any additional information from the plaintiff or her physician was necessary for approval or that

written preapproval was required.

39. On information and belief, defendant knew of plaintiff's prior treatment for conditions related to her gastric band when it approved her surgery.

40. Plaintiff reasonably relied upon the representations described in paragraphs 36 - 38 above to her detriment and had her surgery performed on December 6, 2005.

41. Defendant is estopped from refusing to pay the cost of plaintiff's surgery and related treatment and subsequent treatment and care for conditions related to the surgery.

42. Plaintiff is entitled to benefits under the terms of the policy for her treatment at St. Mary's Hospital during the period from 1/14/06 – 1/30/06 and her subsequent treatment following her release from St. Mary's Hospital.

43. The cost of plaintiff's surgery and related treatment was approximately $96,000.00

44. Defendant, Dean Health Plan, Inc. has refused to pay for the treatment described above.

45. Dean is estopped from denying payment for plaintiff's surgery and related treatment.

46. As a proximate result of defendant's representations, plaintiff has suffered pecuniary loss, as well as other consequential damages and plaintiff is entitled to be awarded benefits from the plan for her surgery and related treatment.

### III.     VIOLATION OF WIS. STAT. §§ 632.746, 632.747, AND 632.748

For her third claim for relief, plaintiff alleges as follows:

47. Re-alleges the allegations in paragraphs 1 through 46 above.

48. ERISA's savings clause, 29 U.S.C. § 1144(b)(2)(A), provides that insurance companies are obligated to comply with all state laws regulating insurance contracts.

49. State statutes regulating insurance contracts as they relate to preexisting conditions fall within ERISA's savings clause. *See* Plumb v. Fluid Pump Service, Inc., 124 F.3d 849, 859 (7th Cir. 1997).

50. Wisconsin statutes prohibit an insurance contract from excluding coverage of a preexisting condition for more 12 months after the participant's or beneficiary's enrollment date under the plan. Wis. Stat. § 632.746 (1)(b).

51. A preexisting condition exclusion is defined as: "a limitation or exclusion of benefits relating to a condition of an individual that existed before the individual's date of enrollment for coverage." Wis. Stat. § 632.745(23).

52. Plaintiff began her employment with Highsmith, Inc. on 5/13/96.

53. Her coverage with Dean began 8/1/96 pursuant to her eligibility for health care as a new employee of Highsmith, Inc.

54. On 8/1/96, when plaintiff's coverage with the defendant began, her gastric band had been in her body for approximately 9 years and therefore meets the statutory definition of a preexisting condition: "a condition of an individual that existed before the individual's date of enrollment for coverage." Id.

55. Wis. Stat. § 632.748 is a state statute which prohibits discrimination in insurance contracts on the basis of an individual's medical history.

56. Wis. Stat. § 632.748(3) provides, "[t]o the extent consistent with s. 632.746, sub. (1) shall not be construed to do any of the following: . . . (b) Prevent a group health benefit plan from establishing limitations or restrictions on the amount, level, extent or nature of benefits or coverage for similarly situated individuals enrolled under the plan." Wis. Stat. § 632.748(3).

57. Plaintiff's December 6, 2005, surgery was to repair or bypass a gastric blockage.

58. When she was admitted to St. Mary's Hospital for surgery she was not morbidly obese.

59. Her gastric blockage was due to a preexisting condition – her gastric band.

60. On 6/14/06, defendant denied coverage on the basis of a general exclusion for "services or supplies related to a non-covered service, denied referral or prior authorization, or denied admission."

61. On 8/30/06, defendant's Grievance Committee again denied coverage on the basis of "any surgical treatment or hospitalization for the treatment of morbid obesity."

62. State law prohibits an insurance contract from discriminating on the basis of an individual's prior medical history.

63. Plaintiff was not morbidly obese upon admission and her surgery was not for the treatment of morbid obesity; her surgery was for the treatment of gastric stenosis.

64. Defendant's policy does not limit coverage for the treatment of gastric stenosis.

65. Therefore, defendant's interpretation of its contract is in violation of Wisconsin statutes as it is treating similarly situated individuals with gastric stenosis differently.

66. Alternatively, defendant's interpretation is in violation of state law as it is excluding treatment more than 12 months after enrollment on the basis of a preexisting condition.

67. As a result of defendant's violation of Wis. Stat. §§ 632.746, 632.747, and 632.748, plaintiff is entitled to the benefits rightfully due and owing under the plan, consequential damages, pre-judgment interest, and for attorney fees, costs, and expenses under ERISA.

WHEREFORE, plaintiff demands judgment against the defendant to recover benefits due under the terms of the policy, consequential damages, pre-judgment interest, and for attorney fees, costs and expenses and such other relief as the court may deem just and equitable.

**A JURY DEMAND OF 7 PERSONS IS HEREBY REQUESTED ON PLAINTIFF'S CLAIM OF VIOLATION OF STATE LAW.**

Dated : March 6, 2008

                LAWTON & CATES, S.C.

                s/ Lisa C. Goldman                              ,
                Lisa C. Goldman, SBN 1029893
                Bruce M. Davey, SBN 1012256
                Lawton & Cates, S.C.
                Attorneys for Plaintiff

10 East Doty Street
P.O. Box 2965
Madison, Wisconsin 53701-2965
(608) 282-6200
(608) 282-6252 – fax
lgoldman@lawtoncates.com